UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOLTINHOUSE, | ) Case No. ED CV 10-1412 PJW |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

I. INTRODUCTION

Before the Court is Plaintiff's appeal from a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Insurance ("SSI") benefits. Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff had the residual functional capacity to perform his prior work as a sewing machine operator despite the fact that he was limited to work involving simple one- and two-part instructions. For the reasons explained below, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In August 2008, Plaintiff applied for SSI, alleging that he became disabled on January 1, 2007, due to an inability to read and write, borderline intellectual functioning, and depression. (Administrative Record ("AR") 99-105, 112, 144.)  His claim was denied initially and on reconsideration.  He then requested and was granted a hearing before an ALJ.  On April 21, 2010, Plaintiff appeared with counsel at the administrative hearing and testified as did a vocational expert.  (AR 22-42.)  On May 28, 2010, the ALJ issued a decision denying benefits.  (AR 9-18.)  Plaintiff appealed to the Appeals Council, which denied review.  This appeal followed.

## III. DISCUSSION

Examining psychologist Mark Pierce evaluated Plaintiff at the request of the Agency.  (AR 224-30.)  He determined that Plaintiff had the capacity to "complete simple and repetitive vocational skills . . ." and could "remember and comply with simple one[-] and two[-]part instructions."  (AR 229.)  The ALJ adopted these limitations in establishing Plaintiff's residual functional capacity.  (AR 16.) Yet, when he posed the operative hypothetical question to the vocational expert, he did not include a limitation on one- and two-part instructions.  (AR 40.)  Rather, he couched the hypothetical in terms of restrictions to "routine, repetitive tasks, entry-level work, and no fast-paced work such as conveyor belt or piece work." (AR 40.)  The vocational expert concluded that a person with those limitations could perform Plaintiff's past work as a sewing machine operator.  (AR 40.)

Plaintiff contends that the ALJ erred when he failed to include in the hypothetical question a restriction for work involving one-

1  and two-part instructions.  (Joint Stip. at 12-16.)  He argues that
2  this limitation restricts him to jobs requiring Reasoning Level 1
3  and, therefore, cannot perform his prior work as a sewing machine
4  operator because that job requires Reasoning Level 2.  *See* Dictionary
5  of Occupational Titles ("DOT") No. 787.685-010.
6       The Agency disagrees.  It argues that Plaintiff is mixing apples
7  and oranges when he argues that Reasoning Level 1 is equivalent to
8  residual functional capacity findings.  In the Agency's view, the
9  phrase "simple, repetitive tasks" is the same as "one- and two-part
10 instructions."  (Joint Stip. at 8, 16.)  For the following reasons,
11 the Court sides with Plaintiff.
12      There is no doubt that Dr. Pierce limited Plaintiff to work
13 involving one- and two-part instructions and that the ALJ accepted
14 Dr. Pierce's opinion.  (AR 16.)  The record is clear on this point
15 and the parties do not contest that fact.  The issue is whether the
16 ALJ's failure to include this limitation in the hypothetical question
17 to the vocational expert amounts to reversible error.  This turns on
18 whether Plaintiff is capable of performing the job of sewing machine
19 operator despite the fact that he is capable of performing jobs that
20 entail only one- and two-part instructions.
21      As Plaintiff points out, the job of sewing machine operator
22 requires Level 2 reasoning.  Level 2 reasoning requires an employee
23 to:
24     Apply commonsense understanding to carry out detailed but
25     uninvolved written or oral instructions.  Deal with
26     problems involving a few concrete variables in or from
27     standardized situations.
28

1 *See* DOT No. 787.685-010; DOT, Appendix C, Components of the
2 Definition Trailer, 1991 WL 688702, (4th ed. rev. 1991).
3     Plaintiff contends that he is not capable of understanding and
4 carrying out detailed instructions.  He argues that, consistent with
5 Dr. Pierce's view, he is limited to Reasoning Level 1, which requires
6 that an employee:
7     Apply commonsense understanding to carry out simple one- or
8       two-step instructions.  Deal with standardized situations
9       with occasional or no variables in or from these situations
10      encountered on the job.
11 *See* DOT, Appendix C, Components of the Definition Trailer, 1991 WL
12 688702, (4th ed. rev. 1991).
13     The Agency contends that the reasoning levels outlined in the
14 DOT are commensurate with education levels and are not the same as
15 residual functional capacity findings.  (Joint Stip. at 16-17.)
16 Though the Court recognizes the distinction, it concludes that it is
17 a distinction without a difference.  The weight of authority favors
18 Plaintiff's position that a limitation on one- and two-part
19 instructions is commensurate with Reasoning Level 1.  *See Garcia v.*
20 *Astrue*, 2011 WL 2173806, at *2 (C.D. Cal. June 1, 2011) (concluding
21 that Dr. Mark Pierce's restriction to work involving one- and two-
22 part instructions precluded work involving Level 2 reasoning); *Reaza*
23 *v. Astrue*, 2011 WL 999181, at *3-4 (C.D. Cal. Mar. 21, 2011) (same);
24 *Murphy v. Astrue*, 2011 WL 124723, at *7 (C.D. Cal. Jan. 13, 2011)
25 (same); *Watson v. Astrue*, 2010 WL 4269545, at *4 n.4 (C.D. Cal. Oct.
26 22, 2010) (same).  As such, the ALJ erred when he failed to include
27 in the hypothetical question to the vocational expert the fact that
28 Plaintiff was limited to work involving one- and two-part

instructions.  This error resulted in the vocational expert failing to explain how someone with this limitation can perform work requiring Level 2 reasoning.  On remand, the ALJ should include this limitation in the hypothetical question to the vocational expert and the vocational expert should explain whether Plaintiff can perform his past work as a sewing machine operator--as that job is typically performed in the economy or as it was performed by Plaintiff--and, if so, how he can do that despite his limitations.

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this decision.

IT IS SO ORDERED.

DATED: September 21, 2011

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\BOLTINHOUSE, J 1412\memorandum opinion and order.wpd